RANDALL K. MILLER (admitted *pro hac vice*)
NICHOLAS M. DEPALMA (admitted *pro hac vice*)
RANDAL M. SHAHEEN (subject to admission *pro hac vice*)
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
(Phone) 703.905.1449
(Fax) 703-821-8949
Email:  rkmiller@venable.com
           nmdepalma@venable.com

CELESTE M. BRECHT (SBN 238604)
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
(Phone) 310-229-9900
(Fax)  310-229-9901
Email:    cmbrecht@venable.com

Attorneys for MORGAN DREXEN and
WALTER LEDDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU<br><br>                              Plaintiff,<br><br>                    v.<br><br>MORGAN DREXEN, INC. and<br>WALTER LEDDA, individually, and as owner, officer, or manager of Morgan Drexen, Inc.<br><br>                              Defendants. | CASE NO. SACV13-01267 JLS (JEMx)<br><br>Hon. Josephine L. Staton<br>Courtroom:  10A (Santa Ana)<br><br>**MORGAN DREXEN MEMORANDUM IN SUPPORT OF MOTION TO STAY**<br><br>**DATE:     February 14, 2014**<br>**TIME:     2:30 p.m.**<br>**CTRM:     10A**<br><br>Action Filed:     August 20, 2013<br>Trial Date:        Not set |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

2

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................... 1

ARGUMENT ................................................................................................ 2

CONCLUSION ............................................................................................. 6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

7543701-v2

DEFENDANTS' MEMORANDM IN SUPPORT OF MOTION TO STAY
Case No. SACV13-L1267 JLS (JEMx)

# TABLE OF AUTHORITIES

Page

**Cases**

*Braddock Fin. Corp. ex rel. Galena St. Fund, L.P. v. Wash. Mut. Bank,*
2008 WL 2302657, at *1 (D. Colo. May 30, 2008) .................................................. 2

*Garcia v. Progressive Choice Ins. Co.,*
2011 WL 4356209, at *5 (S.D. Cal. Sept. 16, 2011) ................................................ 5

*GTE Wireless, Inc. v. Qualcomm, Inc.,*
192 F.R.D. 284, 287 n.3 (S.D. Cal. 2000) .............................................................. 3

*In re Hayes,*
2012 WL 67000, at *1 (9th Cir. Jan. 10, 2012) ...................................................... 2

*Izumi v. Cox Commc'ns Las Vegas, Inc.,*
2011 WL 3875343, at *2 (D. Nev. Aug. 31, 2011) .................................................. 5

*Little v. City of Seattle,*
863 F.2d 681 (9th Cir. 1988). ................................................................................ 2

*Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.,*
99 F.3d 325 (9th Cir. 1996) ................................................................................... 2

*Planned Parenthood Golden Gate v. Superior Court,*
83 Cal. App. 4th 347 (2000) .................................................................................. 5

*Rancho Publ'ns v. Superior Court,*
68 Cal. App. 4th 1538 (1999) ................................................................................ 5

*Rese v. BP Exploration (Alaska) Inc.,*
643 F.3d 681 (9th Cir. 2011) ................................................................................. 4

*Rutman Wine Co. v. E. & J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987) ........................................................................... 2, 4

*Skellerup Indus. Ltd. v. City of Los Angeles,*
163 F.R.D. 598 (C.D. Cal. 1995 ............................................................................ 3

*State National Bank of Big Spring v. Lew,*
2013 WL 3945027, --- F. Supp. 2d --- (D.D.C. 2013) ............................................. 4

*Staup v. Wachovia Bank, N.A.,*
2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) ................................................ 2

**Statutes**

28 U.S.C. § 1292 ......................................................................................................... 1

Federal Rule of Civil Procedure 12 ............................................................................. 2

Federal Rule of Civil Procedure 26 ......................................................................... 2, 5

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

Defendants Morgan Drexen, Inc. and Walter Ledda (together "Morgan Drexen"), hereby move to stay this action because they have a motion to dismiss pending that calls into question the constitutionality of the Consumer Financial Protection Bureau ("CFPB"), as well as whether CFPB has the ability to bring this lawsuit against outsourced paraprofessional support services provider Morgan Drexen given the exclusion for the practice of law in the Dodd-Frank Act and the Tenth Amendment which reserves certain rights (including regulating the practice of law) to the states.

The issues raised by Morgan Drexen call into question the very existence of the agency that is prosecuting this action. Should these issues be decided in Morgan Drexen's favor, they would dispose of this entire action and CFPB would surely appeal the issue to the Ninth Circuit. Conversely, if Morgan Drexen's motion to dismiss is denied, Morgan Drexen intends to appeal this Court's decision by seeking immediate interlocutory review under 28 U.S.C. § 1292(b), and through any other permissible means.

Morgan Drexen respectfully submits that shouldering the burden of even preliminary discovery in advance of a purely legal fight over the constitutionality of CFPB and its actions is premature. This is particularly so where Morgan Drexen has demonstrated that the statutory foundation for CFPB is untenable. Any decision by the Court will have a significant impact on this case—and potentially on other actions involving the CFPB. Prompt appellate guidance on clear legal issues (regardless of which way the Court rules) is essential.

Accordingly, Morgan Drexen respectfully requests that this Court stay all discovery until after the motion to dismiss is decided, and any permitted appeals are resolved. Morgan Drexen makes this memorandum as brief as possible given that it has already outlined its constitutional arguments in the motion to dismiss and given that it is also moving for a preliminary injunction.

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## ARGUMENT

Good cause exists to stay all discovery until a decision on the motion to dismiss. This Court has "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Upon a showing of good cause, it may stay discovery to protect a party from "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1); *In re Hayes,* 2012 WL 67000, at *1 (9th Cir. Jan. 10, 2012) ("the bankruptcy court did not abuse its discretion by staying discovery pending the outcome of the parties' dispositive motions") (citing Rule 26(c)). The stay of discovery may include a stay of obligations to participate in a Rule 26(f) conference and exchange initial disclosures. *See Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.,* 99 F.3d 325, 327-28 (9th Cir. 1996) (initial disclosures are "discovery" and may be stayed under the PSLRA's automatic stay provision); *see also Braddock Fin. Corp. ex rel. Galena St. Fund, L.P. v. Wash. Mut. Bank,* 2008 WL 2302657, at *1 (D. Colo. May 30, 2008) (granting stay of discovery and initial disclosures); *Staup v. Wachovia Bank, N.A.,* 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (same).

Because a successful dispositive motion alleviates the burden and expense of discovery, the Ninth Circuit has affirmed a stay of discovery pending a decision on a dispositive motion. *See Hayes,* 2012 WL 67000, at *1 (finding no abuse of discretion in court's order saying discovery pending a ruling on dispositive motions). Such a stay is consistent with the purpose of Federal Rule of Civil Procedure 12(b)(6), which "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). As the Ninth Circuit has explained: "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." *Id.* (citations omitted).

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

"The Ninth Circuit has offered no specific guidance on the standard to be employed on a motion to stay discovery pending the outcome of a [dispositive] motion other than that a court may, at its discretion, stay discovery pending the adjudication of that motion." *GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 287 n.3 (S.D. Cal. 2000); *see also Tradebay, LLC v. eBay, Inc.,* 2011 WL 6182039, at *4 (D. Nev. Dec. 13, 2011) ("The court's research has not found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending.").

The Central District of California considers the issue "on a case-by-case analysis." *See Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citation omitted). The court considers "[t]he type of motion and whether it is a challenge as a 'matter of law' or [to] the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Id.* (citation omitted).

Here, all factors favor a stay.

First, the motion to dismiss raises pure issues of law that would dispose of this matter regardless of the facts alleged by CFPB (including that CFPB is unconstitutional). If the Court were to rule that CFPB is unconstitutional, for example, then that ruling would dispose of the Complaint in its entirety. Accordingly, this factor strongly favors a stay.

Second, this case raises novel and complex issues of constitutional law which can—at least as to the structure of CFPB—be disposed of on the pleadings. Resolving the constitutional issues on the pleading will also avoid the expense and burdens of this case: CFPB alleges (in the 26(f) report) damages of $35 million. Further, regardless of the outcome of the motion to dismiss, the parties are likely to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY
Case No. SACV13-L1267 JLS (JEMx)

appeal.  CFPB would appeal any decision adverse to CFPB on its constitutionality, and Morgan Drexen would seek leave to appeal any decision in favor of CFPB on its constitutionality.  *See Rese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) ("A non-final order may be certified for interlocutory appeal where it involves a controlling question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation").  Discovery obligations are premature until the Court can rule on the constitutionality and viability of CFPB.  The significance of these issues is heightened given the fact that members of Congress and other entities have challenged the constitutionality of CFPB (including various State attorneys general in a case that was dismissed without reaching the merits but is currently on appeal before the United States Court of Appeals for the D.C. Circuit), this factor weighs strongly in favor of a stay.  *See State National Bank of Big Spring v. Lew*, 2013 WL 3945027, --- F. Supp. 2d --- (D.D.C. 2013).  Accordingly, this factor too favors a stay.

Third, no counterclaims or cross claims have been asserted, and Defendants have invoked no need to otherwise engage in discovery to demonstrate that CFPB is unconstitutional at this time.

Fourth, this request is made on behalf of all defendants.

Fifth, this case is in its infancy, and therefore any delay that CFPB might suffer while waiting for a ruling as to its constitutionality is outweighed by the immense burden and expense of discovery.  *See Rutman Wine Co.,* 829 F.2d at 738 ("if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility"). The burden and expense of discovery is heightened if the Court determines that Defendants will prevail on the merits of the motion to dismiss.  *See Izumi v. Cox Commc'ns Las*

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

4

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   *Vegas, Inc.,* 2011 WL 3875343, at \*2 (D. Nev. Aug. 31, 2011) (granting stay

2   where "it appears that Cox's motion for judgment on the pleadings has merit").

3         The burden and expense of discovery in this matter is also heightened

4   because CFPB will likely seek documents maintained by Morgan Drexen but

5   protected by the attorney-client privilege (i.e., documents of the clients that are

6   served by the attorneys assisted by Morgan Drexen).  CFPB has already

7   telegraphed in Section H of the Joint Report Pursuant to FRCP 26(f) that it will

8   seek discovery of "data that reflect the consumers who have purchased

9   Defendants' services" and "all matters relevant to the conduct and practices alleged

10  in the Bureau's complaint."  These clients have significant interests in protecting

11  their financial affairs.  *See Garcia v. Progressive Choice Ins. Co.,* 2011 WL

12  4356209, at \*5 (S.D. Cal. Sept. 16, 2011) ("one's confidential financial affairs as

13  well as [] the details of one's personal life is protected by the constitutional right to

14  privacy"); *Planned Parenthood Golden Gate v. Superior Court,* 83 Cal. App. 4th

15  347, 360, 363 (2000) (right to privacy protects against "the nationwide

16  dissemination of the individual's private information, [and] the offensive and

17  obtrusive invasion of the individual's neighborhood for the purpose of coercing the

18  individual to stop constitutionally-protected associational activities" and "a privacy

19  interest does not need to be violated before it can be acknowledged"); *Rancho*

20  *Publ'ns v. Superior Court,* 68 Cal. App. 4th 1538, 1549 (1999) ("Courts carefully

21  balance the compelling public need to disclose against the confidentiality interests

22  to withhold, giving great weight to fundamental privacy rights. Mere relevance is

23  not sufficient; indeed, such private information is presumptively protected.").

24  Thus, any discovery will raise significant collateral issues that must be addressed

25  on a case-by-case (and possibly a lawyer-by-lawyer and client-by-client basis).

26

27

28

## CONCLUSION

For the foregoing reasons, Morgan Drexen respectfully requests that the Court stay this matter and all discovery in this matter until after the motion to dismiss and any permitted appeals have been decided.


Dated:  January 3, 2014                        VENABLE LLP

                                               By:  /s/ Celeste M. Brecht
                                                    Celeste M. Brecht
                                               Attorneys for Defendants
                                               MORGAN DREXEN and
                                               WALTER LEDDA

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6