LUCY E. MORRIS, WA Bar # 16510
Deputy Enforcement Director For Litigation
R. GABRIEL D. O'MALLEY, MA Bar # 651432
(E-mail: gabriel.o'malley@cfpb.gov)
(Phone: 202-435-9747)
SHIRLEY CHIU, IL Bar # 6296079
(E-mail: shirley.chiu@cfpb.gov)
(Phone: 202-435-7592)
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

KENT KAWAKAMI, CA Bar # 149803 – Local Counsel
(Phone: 213-894-4858)
(E-mail: Kent.Kawakami@usdoj.gov)
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Fax: (213) 894-2380

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Consumer Financial Protection Bureau,

Plaintiff,

v.

Morgan Drexen, Inc.,
and
Walter Ledda, individually, and as owner, officer, or manager of Morgan Drexen, Inc.,

Defendants.

Case No. SACV13-01267 JLS (JEMx)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAYAND MEMORANDUM OF POINTS AND AUTHORITIES**

**FEBRUARY 14, 2014**
**2:30 P.M.**
**COURTROOM 10A (SANTA ANA)**
**HON. JOSEPHINE L. STATON**

# TABLE OF CONTENTS


INTRODUCTION……………..………………………………….……………………....1

BACKGROUND………………………………………….………………………2

ARGUMENT……………………………………………………………………...2

I. Defendants' Request That The Court Stay Discovery Pending The Court's Decision On Defendants' Motion to Dismiss Is Moot……………………………..2

II. Defendants' Request That The Court Stay Discovery Until Any Permitted Appeals Of The Court's Order Denying Defendants' Motion To Dismiss Should Be Rejected…………………………………………………………………2

A. Standard For Obtaining A Stay…………………………………………...3

B. Defendants Have Not Met Their Burden To Show That A Stay Is Appropriate……………………………………………………………..3

1. Defendants have not established that they are likely to succeed on the merits…………………………………………………………4

2. Defendants have not established that they will suffer irreparable injury if discovery proceeds…………………………………………...4

3. Defendants have not established that the balance of hardships tips in their favor or that the proposed stay is in the public interest………...5

CONCLUSION……………………………………………………………………7

# TABLE OF AUTHORITIES

**Cases**

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975) .......... 3
*Briggs & Stratton Corp. v. Local 232, Int'l Union*, 36 F.3d 712 (7th Cir. 1994) .......... 5
*Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992) .......... 6
*FTC v. Ameridebt, Inc., et al.*, 2006 WL 618563 (N.D. Cal. Mar. 13, 2006) .......... 3, 4, 5
*Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112 (9th Cir. 2008) .......... 3
*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) .......... 3
*Hilton v. Braunskill*, 481 U.S. 770 (1987) .......... 3
*In re Grand Jury Witness (Salas and Waxman)*, 695 F.2d 359 (9th Cir. 1982) .......... 6
*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) .......... 3
*Morgan Drexen, Inc. v. CFPB*, 2013 WL 5664696 (D.D.C. Oct. 17, 2013), *appeal docketed*, No. 13-5342 (D.C. Cir. 2013) .......... 4, 5
*Nken v. Holder*, 556 U.S. 418 (2009) .......... 4
*Petroleum Exploration, Inc. v. Public Serv. Comm'n*, 304 U.S. 209 (1938) .......... 5
*Thalheimer v. City of San Diego*, 2010 WL 1201885 (S.D. Cal. Mar. 23, 2010) .......... 4

**Statutes**

28 U.S.C. §1292(b) .......... 4
Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203 (2010) .......... 1

**Rules**

Fed.R.Civ.P. 26(c)(1) .......... 3

**Regulations**

16 C.F.R. part 310 .......... 1

## INTRODUCTION

Plaintiff, Consumer Financial Protection Bureau ("Bureau"), respectfully submits this Opposition to Defendants' Motion to Stay and their Supporting Memorandum and Points of Authorities ("Mem.").

Defendants seek an extraordinary order from the Court staying discovery not only until "after [Defendants'] motion to dismiss is decided," but until "any permitted appeals are resolved." Mem. at 1. Given this Court's recent denial of Defendants' motion to dismiss, Defendants' request to stay discovery pending a ruling on the motion to dismiss is now moot and should be denied. Defendants' broader request, for a stay through the resolution of all permitted appeals, should also be denied. As an initial matter, the wording of this Court's order denying Defendants' motion to dismiss does not even permit them to file a petition for interlocutory appeal. Further, Defendants cannot show that they are likely to succeed on the merits of an appeal, that they will suffer irreparable injury in the absence of the requested stay, that other parties will not suffer substantial harm if a stay is imposed, and that the stay will not harm the public interest – all prerequisites to a court issuing a stay.[1] For these reasons, the Court should deny Defendants' motion to stay.

## BACKGROUND

On August 20, 2013, the Bureau filed the Complaint in this case against Morgan Drexen, Inc. ("Morgan Drexen"), and its President and CEO, Walter Ledda (collectively with Morgan Drexen, "Defendants"), for violations of the Telemarketing Sales Rule, 16

---

[1] Defendants have also filed a Motion For Preliminary Injunction (ECF No. 33) in which they seek essentially the same relief they seek here. These duplicative motions are a tremendous waste of the Court's time and resources, and make clear that Defendants' purported concern about the cost of litigation is not real. The Bureau hereby incorporates by reference its Opposition to Defendants' Motion For Preliminary Injunction, filed with the Court on January 24, 2014.

C.F.R. part 310 ("TSR"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"). The Bureau alleges that Defendants have violated, and continue to violate, federal laws by charging consumers illegal up-front fees for debt-relief services and deceiving consumers that they will become debt free in months by working with Morgan Drexen. Days before their answer was due, Defendants filed an *ex parte* motion to stay this action. (ECF No. 13). The Court denied Defendants' motion. (ECF No. 16). On October 25, 2013, Defendants filed a Motion to Dismiss. (ECF No. 22). The Parties filed their joint report pursuant to Fed. R. Civ. P. ("F.R.C.P.") 26(f) on January 3, 2014. (ECF No. 30). On January 10, 2014, the Court issued a Civil Trial Order setting the discovery schedule in this action.[2] (ECF No. 36). On January 13, 2014, the Court denied Defendants' motion to dismiss. (ECF No. 40).

## ARGUMENT

### I. Defendants' Request That The Court Stay Discovery Pending The Court's Decision On Defendants' Motion to Dismiss Is Moot

On January 10, 2014, the Court rejected Defendants' challenge to the constitutionality of the Bureau's structure and the sufficiency of the Bureau's allegations. As such, Defendants' request for a stay pending the Court's decision on their motion to dismiss is moot and should be denied.[3]

### II. Defendants' Request That The Court Stay Discovery Until Any Permitted Appeals Of The Court's Order Denying Defendants' Motion To Dismiss Should Be Rejected

The Court should deny Defendants' broad request to stay discovery until any permitted appeals of the Court's order denying Defendants' motion to dismiss have been

---

[2] The Court issued an Amended Civil Trial Order on January 15, 2014 (ECF No. 41).

[3] The case law to which Defendants cite in support of their motion to stay supports the proposition that a court may stay discovery pending the outcome of a dispositive motion. Because the Court has ruled on Defendants' motion to dismiss, these cases are no longer relevant to Defendants' stay request and should be ignored by the Court.

decided. Given the Civil Trial Order issued by the Court, which calls for fact discovery to be completed by July 18, 2014, Defendants' request to stay discovery is essentially a request to stay the case entirely. Defendants fail to show that a stay of discovery is appropriate, under F.R.C.P. 26(c)(1), or that a stay of the matter in its entirety is appropriate.

### A. Standard For Obtaining A Stay

In the Ninth Circuit, district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) This does not mean, however, as Defendants imply, that Courts routinely issue stays of discovery, let alone that they issue broad stays of discovery through the final appeal of a decision on a dispositive motion. Courts have made clear that "[a] party seeking stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied.'" *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("All motions under these subparagraphs of [F.R.C.P. 26] must be supported by 'good cause' and a strong showing is required before a party will be denied entirely the right to take a deposition")). In order to prevail on a motion to stay a matter in its entirety, which is, in effect, what Defendants seek here, Defendants must show that (1) they are likely to succeed on the merits of the appeal; (2) they will suffer irreparable injury in the absence of the stay; (3) other parties will not suffer substantial harm if a stay is imposed; and (4) the stay will not harm the public interest. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008); *FTC v. Ameridebt, Inc., et al.*, 2006 WL 618563, at *1 (N.D. Cal. Mar. 13, 2006); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### B. Defendants Have Not Met Their Burden To Show That A Stay Is Appropriate

As an initial matter, this Court should deny Defendants' stay request because the petition for interlocutory appeal that is the basis of their request is impermissible. In denying Defendants' motion to dismiss, the Court did not state, as required for an

interlocutory appeal of its order to be permissible, that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). As such, Defendants have no ground to file the proposed petition for interlocutory appeal upon which their request for a stay is based.

**1. Defendants have not established that they are likely to succeed on the merits**

In light of the Court's order denying Defendants' motion to dismiss, and Defendants' failure to cite any case law or other authority that even suggests that the Court erred in issuing the order, Defendants cannot demonstrate that they are likely to succeed on the merits in any appeal of the Court's decision on their motion to dismiss.

**2. Defendants have not established that they will suffer irreparable injury if discovery proceeds**

In considering whether to grant a stay, a court also considers whether the party seeking the stay will be irreparably injured absent the stay. *Thalheimer v. City of San Diego*, 2010 WL 1201885, at * 6 (S.D. Cal. Mar. 23, 2010). "[S]imply showing some 'possibility of irreparable injury,' fails to satisfy the second factor." *Nken v. Holder*, 556 U.S. 418, 434-435 (2009). Moreover, "a stay is not a matter of right, even if irreparable injury might otherwise result." *Thalheimer*, 2010 WL 1201885, at * 6 (quoting *Nken*, 556 U.S. at 438). Here, defendants do not – and cannot – show that they will suffer any irreparable harm if the case proceeds and the parties engage in discovery pursuant to the Civil Trial Order issued by the Court.

Defendants argue that discovery should be stayed to avoid "burden and expense." Mem. at 3-4. "Litigation costs, however, normally are not a sufficient injury to support injunctive relief." *Ameridebt*, 2006 WL 618563, at *2 (court finding the individual had not established that he would suffer irreparable injury even though individual argued that he would incur thousands of dollars as his attorneys reviewed documents and produced a privilege log); *see Morgan Drexen, Inc. v. CFPB*, 2013 WL 5664696, at *5 (D.D.C. Oct.

17, 2013) ("courts have uniformly recognized that mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury") (internal quotation marks omitted), *appeal docketed*, No. 13-5342 (D.C. Cir. 2013); *see also Petroleum Exploration, Inc. v. Public Serv. Comm'n*, 304 U.S. 209, 223 (1938)("When the only ground for interfering with the state procedure is the cost of preparing for a hearing, there is no occasion for equitable intervention"); *Briggs & Stratton Corp. v. Local 232*, *Int'l Union*, 36 F.3d 712, 714 (7th Cir. 1994) ("It is, after all, established that the costs of litigation are not 'irreparable injury'").

### 3. Defendants have not established that the balance of hardships tips in their favor or that the proposed stay is in the public interest

The potential burden on Defendants in complying with this Court's Civil Trial Order is greatly outweighed by the potential harm that will result from a stay.

The only evidence Defendants provide to support their claim that discovery will be burdensome and expensive is a declaration by Walter Ledda in which he states that he is "concerned that if we have to litigate this enforcement proceeding through a trial, the effort – even if we can prevail – will bankrupt me." Ledda Decl. at ¶ 9. Defendants do not, however, provide any specific information about their revenue, assets, or liabilities. Nor do Defendants provide even a rough estimate of what their attorney's fees will be, let alone establish that they would be large. Neither Defendants nor their counsel have provided any information about how much time counsel would have to spend reviewing documents or otherwise responding to discovery requests. "Without any objective facts, the Court cannot infer that [a] production would be burdensome . . ." *Ameridebt*, 2006 WL 618563, at *2 (party seeking stay "[did] not establish what his fees will be, much less introduced evidence that the fees would be large," or, among other things, "how many hours his attorneys estimate that reviewing the documents and creating a privilege log would take").

Defendants contend that "burden and expense" of discovery in this matter is "heightened" because the Bureau "will likely" seek documents "protected by attorney-

client privilege," Mem. at 5, and that this will somehow increase Defendants' discovery expenses, but they fail to show that the attorney-client privilege applies to the documents that they speculate the Bureau will be seeking, or how the discovery it imagines the Bureau serving would force Defendants to spend such an inordinate amount of money that this Court should dispense will well-established case law holding that litigation expense does not constitute irreparable harm necessitating a stay. "[T]he burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Further, a party seeking to invoke the attorney-client privilege should provide the court with "an explanation of how the information fits within the privilege." *Id*. (citing *In re Grand Jury Witness (Salas and Waxman)*, 695 F.2d 359, 362 (9th Cir. 1982)). Here, Defendants simply claim that the information they speculate the Bureau will seek is protected by the privilege. Such "blanket assertions of the privilege are 'extremely disfavored'" in the Ninth Circuit and the Court should dismiss them as a basis to stay this action. *Id.*

Defendants' failure to provide any good reason to stay this action stands in contrast to the potential harm to consumers should the Court enter a stay. The Bureau has alleged that at least 22,000 consumers have enrolled in Morgan Drexen's debt relief program since October 27, 2010 and that Morgan Drexen has charged these consumers millions of dollars in illegal up-front fees. Defendants currently continue to advertise and sell debt relief services nationwide, and charge up-front fees the Bureau contends are illegal. A stay would allow Defendants to skirt regulatory enforcement and continue to generate revenue from consumers who are in debt and ill-equipped to afford the illegal up-front fees that are the subject of this action.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully requests that the Court deny Defendants' Motion to Stay.

Respectfully submitted,

LUCY E. MORRIS
Deputy Enforcement Director For Litigation

/s/ R. Gabriel D. O'Malley
R. Gabriel D. O'Malley
(E-mail: gabriel.o'malley@cfpb.gov)
(Phone: 202-435-9747)
Shirley Chiu
(E-mail: Shirley.chiu@cfpb.gov)
(Phone: 202-435-7592)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

Dated: January 24, 2014