RANDALL K. MILLER (admitted *pro hac vice)*
NICHOLAS M. DEPALMA (admitted *pro hac vice*)
RANDAL M. SHAHEEN (admitted *pro hac vice*)
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
(Phone) 703.905.1449
(Fax) 703-821-8949
Email: rkmiller@venable.com
nmdepalma@venable.com

CELESTE M. BRECHT (SBN 238604)
VENABLE LLP
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
(Phone) 310-229-9900
(Fax) 310-229-9901
Email: cmbrecht@venable.com

Attorneys for MORGAN DREXEN and WALTER LEDDA

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CONSUMER FINANCIAL PROTECTION BUREAU

Plaintiff,

v.

MORGAN DREXEN, INC. and WALTER LEDDA, individually, and as owner, officer, or manager of Morgan Drexen, Inc.

Defendants.

CASE NO. SACV13-01267 JLS (JEMx)

Hon. Josephine L. Staton
Courtroom: 10A (Santa Ana)

**MORGAN DREXEN'S REPLY IN SUPPORT OF MOTION TO STAY**

**DATE: February 14, 2014**
**TIME: 2:30 p.m.**
**CTRM: 10A**

Action Filed: August 20, 2013
Trial Date: December 9, 2014

# TABLE OF CONTENTS

**INTRODUCTION** .......... **1**

**ARGUMENT** .......... **1**

**I. LEGAL STANDARD** .......... **1**

**II. MORGAN DREXEN HAS RAISED SERIOUS LEGAL QUESTIONS AS TO CFPB'S CONSTITUTIONALITY** .......... **2**

**III. THE BALANCE OF HARDSHIPS TIPS SHARPLY IN MORGAN DREXEN'S FAVOR** .......... **3**

**IV. A STAY IS IN THE PUBLIC INTEREST** .......... **4**

**CONCLUSION** .......... **5**

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## INTRODUCTION

Defendants Morgan Drexen, Inc. and Walter Ledda (together "Morgan Drexen"), acknowledge that their request for a stay pending a decision on their Motion to Dismiss is moot in light of the Court's denial of that Motion. Defendants' file this Reply in support of their request that this matter be stayed pending any permitted appeals to the U.S. Court of Appeals for the Ninth Circuit.

## ARGUMENT

### I. LEGAL STANDARD

Although the parties agree on the case supplying the standard for obtaining a stay, the Consumer Financial Protection Bureau ("CFPB") improperly applies a rigid formulation. Under CFPB's interpretation, because the Court denied the motion to dismiss, Morgan Drexen cannot show a likelihood of success on the merits, and therefore the Court may not issue a stay. *See* Opp'n at 4. To the contrary, the Ninth Circuit holds that the test is a continuum:

> In ruling on a motion for a stay pending appeal, we employ "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Lopez*, 713 F.2d at 1435 (internal quotation marks omitted). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id*. We have recently applied, as an alternative test at this end of the continuum, a test originally formulated for granting a preliminary injunction: "(1) a strong likelihood of success on the merits, [and] (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted[.]" *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir.2007). "**At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor**." *Lopez*, 713 F.2d at 1435. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Winter*, 502 F.3d at 862. Further, we "consider '**where the public interest lies**' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]" *Id*. at 863 (quoting *Hilton*, 481 U.S. at 776, 107 S.Ct. 2113) (first alteration in *Winter* ).

*See Golden Gate Restaurant v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) (emphasis added) (granting stay).

Here, Morgan Drexen has (1) raised serious legal questions as to CFPB's constitutionality; (2) demonstrated that the balance of hardships tips sharply in its favor; and (3) shown that the public interest would be furthered by staying this case pending appellate review—and that is all that the Ninth Circuit requires.

## II. MORGAN DREXEN HAS RAISED SERIOUS LEGAL QUESTIONS AS TO CFPB'S CONSTITUTIONALITY

Morgan Drexen has—at minimum—raised serious legal questions as to CFPB's constitutionality. Given the Court's familiarity with this issue, Morgan Drexen provides the following summary:

First, members of Congress and other entities have challenged the constitutionality of CFPB (including various state attorneys general in a case that was dismissed without reaching the merits but is currently on appeal before the United States Court of Appeals for the D.C. Circuit). *See State National Bank of Big Spring v. Lew*, 2013 WL 3945027 (D.D.C. 2013).

Second, law professors have either suggested or concluded that CFPB is unconstitutional. *See, e.g.*, Todd J. Zywicki, *The Consumer Financial Protection Bureau: Savior or Menace?* 81 GEO. WASH. L. REV. 856, 875 (Apr. 2013) (stating that CFPB's structure makes it "one of the most powerful and publicly unaccountable agencies in American history"); Neomi Rao, *Removal: Necessary and Sufficient for Presidential Control*, 65 ALABAMA L. REV.—(2014) (forthcoming) (suggesting that CFPB is unconstitutional because of the "removal restrictions that insulate the director from presidential oversight.").

Third, even the President—although he would argue that CFPB is constitutional—recognized the Dodd-Frank Act and the creation of CFPB as a "sweeping overhaul of the financial regulatory reform system, a transformation on a scale not seen since the reforms that followed the Great Depression." Remarks

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

by the President on 21st Century Financial Regulatory Reform (available at http://www.whitehouse.gov/the_press_office/Remarks-of-the-President-on-Regulatory-Reform/) (last visited Aug. 1, 2013).

Fourth, the Court is familiar with the arguments that Morgan Drexen raised in its Motion to Dismiss. While the Court did not adopt these arguments, the presence of CFPB's unique structural features coupled with the Supreme Court's recent decision in *Free Enter. Fund v. Pub. Co. Acct'ing Oversight Bd.*, 130 S. Ct. 3138, 3160 (2010) and the D.C. Circuit's admonition that an agency's "novelty may . . . signal unconstitutionality" (*Ass'n of Am. Railroads v. U.S. Dept. of Transp.*, 721 F.3d 666, 673 (D.C. Cir. 2013)) weigh in favor of finding "serious legal questions" as to CFPB's constitutionality.

## III. THE BALANCE OF HARDSHIPS TIPS SHARPLY IN MORGAN DREXEN'S FAVOR

CFPB gives short-shrift to Morgan Drexen's core argument—that the mere presence of a constitutional violation tips the scales sharply in Morgan Drexen's favor, and instead focuses on whether Defendants have shown "irreparable harm" and whether "mere litigation expense" can qualify (Opp'n at 5).

As to the first point, courts have held that a colorable constitutional violation gives rise to a showing of irreparable harm. *See Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (a constitutional violation "'for even minimal periods of time, unquestionably constitutes irreparable injury'") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 53 (D.D.C. 2002) (deprivation of constitutional protection "is an undeniably substantial and irreparable harm.").

As to the second point, CFPB tries to poke holes in whether Mr. Ledda's declaration adequately quantifies what his attorney's fees will be, and questions whether CFPB's proceeding will bankrupt Defendants or put them out of business. Opp'n at 5. To be sure, for an agency funded as richly as CFPB—empowered to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

unilaterally requisition up to $567,600,000 last year, and immune from the sequester cuts that impacted other agencies—it may be hard to conceive how (1) the crush of litigation; (2) the recurring expenditures of attorney's fees; (3) the request to "[p]ermanently enjoin Defendants from advertising, marketing, promoting, offering for sale, or selling any debt relief product or service" (Compl. ¶ 100); and (4) a request for damages "likely to exceed $35 million" could tip the balance of hardships in Morgan Drexen's favor. For a small, Costa Mesa based business, however, such costs threaten its very existence. And the requested relief—on its face—(permanent injunctions) would put Morgan Drexen out of business.

Finally, as explained in Morgan Drexen's opening motion, it does not appear to be disputed by CFPB that it will not be prejudiced by a stay. Although CFPB seems to mesh its lack of harm with an argument about the public interest, these are distinct prongs, and Morgan Drexen addresses the public interest below.

## IV. A STAY IS IN THE PUBLIC INTEREST

CFPB argues at the end of its Opposition that a stay is not in the public interest because consumers will be harmed if the Court permits a stay and that Morgan Drexen will be able to "skirt regulatory enforcement and continue to generate revenue from consumers. . ." Opp'n at 6. This argument falls short for several reasons:

First, the public interest is served by enforcing the Constitution.

Second, should CFPB prove to be unconstitutional, any result obtained herein (or in any other enforcement proceeding) could be mooted. It is in the public interest (as well as in Morgan Drexen's interest and CFPB's interest), to obtain a definitive ruling on the merits of this question—from the highest court that will do so—before CFPB takes any further action. If CFPB is ultimately found to be unconstitutional, it will create significant issues to unwind CFPB's actions, similar to the recess appointments issue.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Third, CFPB's argument assumes—improperly—that CFPB's allegations control. However, this motion to stay does not require the Court to accept CFPB's allegations as true. In fact, as CFPB itself has recognized and as Morgan Drexen has explained, there is a well-financed and powerful debt collection industry (with legal representation) that routinely takes advantage consumers. Morgan Drexen alleges that it supports attorneys to help provide consumers with legal representation to even the playing field between consumers and the debt collection industry.

Fourth, CFPB states that Morgan Drexen's program has been ongoing "since October 27, 2010." Opp'n at 6. Yet CFPB did not initiate this action until 2013—and only after Morgan Drexen sued CFPB seeking to declare it unconstitutional. Allowing a relatively short stay for Morgan Drexen to seek appellate review does not harm the public interest.

**CONCLUSION**

For the foregoing reasons, Morgan Drexen respectfully requests that the Court stay this matter and all discovery in this matter until after any appeals have been decided.

Dated: January 31, 2014

VENABLE LLP

By: /s/ Celeste M. Brecht
Celeste M. Brecht
Attorneys for Defendants
MORGAN DREXEN and
WALTER LEDDA