1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>             Plaintiff,<br><br>       v.<br><br>Morgan Drexen, Inc., and<br>Walter Ledda, individually, and as<br>owner, officer, or manager of Morgan<br>Drexen, Inc.,<br><br>             Defendants. | Case No. SACV 13-01267-JLS (JEMx)<br><br>**ORDER TEMPORARILY FREEZING MORGAN DREXEN INC.'S ASSETS PENDING RESOLUTION OF THIS LITIGATION** |

Pursuant to Local Rule 7-19, and as set forth below, the Court hereby GRANTS in part the *Ex Parte* Application for an Order Temporarily Freezing Defendants' Assets Pending Resolution of this Litigation filed by Plaintiff Consumer Financial Protection Bureau (the "Bureau").  (Doc. 285.)

## FINDINGS OF FACT

1.      On April 21, 2015, this Court entered a default judgment against Defendant Morgan Drexen, Inc. and ordered supplemental briefing as to the personal liability of Defendant Walter Ledda and whether a default judgment should be entered against him as well.  (Order, Doc. 284.)

2.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement or compensation for unjust enrichment will occur from the transfer, dissipation, or concealment by Morgan Drexen of its assets unless Morgan Drexen is restrained and enjoined by Order of this Court.

3.      Weighing the equities and considering the default judgment imposed on Morgan Drexen, the Bureau's likelihood of ultimate success on the merits, the likelihood of irreparable harm in the absence of relief, that the balance of the hardships favors the Bureau, and that an Order freezing Morgan Drexen's assets is in the public interest, the Court finds that equitable relief is necessary to ensure effective final relief.

4.      No security is required of any agency of the United States.  Fed. R. Civ. P. 65(c); and

5.      The Bureau has complied with all notice requirements of Local Rule 7-19.1.

1

## ORDER

## I. DEFINITIONS

- For the purposes of this Order, the following definitions shall apply:

  a. "Assets" means any legal or equitable interest in, right to or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part, directly or indirectly, by Morgan Drexen, wherever located, whether in the United States or abroad, including, but not limited to, chattel, foods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contract, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, guaranteed investment contracts, and trusts, and shall include both existing assets and assets acquired after the date of entry of this Order;

  b. "Financial Institution" means any bank, savings and loan institution, credit union, any other institution that lends money, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

  c. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## II.  ASSET FREEZE

**IT IS ORDERED** that Morgan Drexen and its successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all

persons directly or indirectly under the control of any of them, including any Financial Institution, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby restrained and enjoined pending the resolution of this litigation, except as specifically provided for in Section V. of this Order, from directly or indirectly:

      A.      Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is in the actual or constructive possession of Morgan Drexen or any corporation, partnership, trust or other entity directly or indirectly owned or controlled by Morgan Drexen; and

      B.      Incurring charges or cash advances on any credit card, stored value card, debit card or charge card issued in the name of Morgan Drexen or any other entity directly or indirectly owned, managed, or controlled by Morgan Drexen.

Notwithstanding this Order:

      A.      Morgan Drexen may be permitted to expend reasonable monthly business expenses after the Parties comply with Section V. herein and if the Court issues an additional order;

      B.      Attorney trust accounts that are related to actions in which Morgan Drexen is a defendant and that contain funds paid by consumers shall not be subject to the Asset Freeze.  Morgan Drexen, as a Defendant in the present case, is entitled to pay reasonable attorneys' fees through resolution of this case.

**IT IS FURTHER ORDERED** that the Assets affected by this Section shall include: (a) all Assets of Morgan Drexen as of the time this Order is entered, and

(b) those Assets obtained or received after entry of this Order.  This Section does not prohibit the Repatriation of Foreign Assets, as specifically required in Section VI. of this Order.

## III.  RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, any Financial Institution, brokerage institution, business entity, electronic data host, Internet or "e-currency" payment processor, or person served with a copy of this Order, or who otherwise has actual or constructive knowledge of this Order, that holds or maintains custody of any account, document, or Asset that is owned or controlled by Morgan Drexen or any corporation, partnership, trust or other entity directly or indirectly owned or controlled by Morgan Drexen at any time since October 27, 2010, shall:

A.     Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, or Asset in the actual or constructive possession of such person, unless otherwise directed by further order of the Court; except that attorney trust accounts containing funds paid by consumers shall not be subject to this provision.

B.     Provide to counsel for the Bureau, within ten (10) business days, a sworn statement setting forth:

1.     the identification of each account or Asset titled in the name, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Morgan

4

Drexen or other party subject to Section II. of this Order, whether in whole or in part;

2.     the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served;

3.     the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of Morgan Drexen, or subject to access by Morgan Drexen or other party subject to Section II. above, whether in whole or in part; and

4.     if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted.

C.     Provide to counsel for the Bureau, within ten (10) business days after being served with a request, copies of all documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

D.     The accounts subject to this provision include:  (a) all Assets of Morgan Drexen deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order.  This Section does not prohibit the Repatriation of Foreign Assets, as specifically required in Section VI. of this Order.

E.      The Bureau is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Morgan Drexen or other party subject to Section II. of this Order, or has held, controlled, or maintained any such account, document, or Asset at any time since October 27, 2010, and such Financial Institution, or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within ten (10) business days after service.

## IV.  FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that Morgan Drexen, within ten (10) business days of service of this Order, shall prepare and deliver to counsel for the Bureau:

A.      A completed financial statement accurate as of the date of service of this Order upon Morgan Drexen (unless otherwise agreed upon with Bureau counsel) in the form of Attachment B to this Order captioned "Financial Statement of Corporate Defendant."

B.      A list of all officers and directors of Morgan Drexen, Inc. and all other individuals or entities with authority to direct the operations of Morgan Drexen or withdraw money from the account of Morgan Drexen.

C.      Documentation regarding any assets that Morgan Drexen or other party subject to Section II of this Order has dissipated in the last 90 days, other than as payment for ordinary business expenses.

## V.  BRIEFING ON THE SUBJECT OF REASONABLE BUSINESS AND LIVING EXPENSES

**IT IS FURTHER ORDERED** that, within ten (10) business days of Morgan Drexen's compliance with the Section IV. of this Order, the parties may provide the Court with a joint brief concerning whether and to what extent Morgan Drexen should be permitted to expend reasonable monthly expenses.

## VI.  REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within ten (10) business days following the service of this Order, Morgan Drexen shall:

A.      Provide counsel for the Bureau with a full accounting of all Assets, accounts, and documents outside of the territory of the United States that are held either: (1) by Morgan Drexen; (2) for its benefit; (3) in trust by or for Morgan Drexen; or (4) under Morgan Drexen's direct or indirect control;

B.      Transfer to the territory of the United States all Assets, accounts, and documents in foreign countries held either: (1) by Morgan Drexen; (2) for its benefit; (3) in trust by or for Morgan Drexen; or (4) under its direct or indirect control;

C.      All repatriated Assets, accounts, and documents are subject to Section II. of this Order; and

D.      Provide the Bureau access to all records of accounts or Assets of Morgan Drexen held by Financial Institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as Attachment C.

## VII.  NONINTERFERENCE WITH REPATRIATION

7

**IT IS FURTHER ORDERED** that Morgan Drexen and its successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Section VI. of this Order, including, but not limited to:

A.    Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Section VI. of this Order; or

B.    Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section VI. of this Order.

## VIII.  MORGAN DREXEN'S DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Morgan Drexen shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Morgan Drexen and shall, within ten (10) calendar days from the date of entry of this Order, provide counsel for the Bureau with a sworn statement that: (a) confirms that Morgan Drexen has provided copies of the Order as required by this

Section and (b) lists the names and addresses of each entity or person to whom Morgan Drexen provided a copy of the Order. Furthermore, Morgan Drexen shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Morgan Drexen to disregard this Order or believe that they are not bound by its provisions.

## IX.  EVIDENCE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the Bureau or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or person that may have possession, custody, or control of any documents or Assets of Morgan Drexen, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall have the effect of service upon the entire Financial Institution.

## X.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: April 30, 2015                    _JOSEPHINE L. STATON_
                                          JOSEPHINE L. STATON
                                          UNITED STATES DISTRICT JUDGE

ATTACHMENT B

CONSUMER FINANCIAL PROTECTION BUREAU
**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1       Complete all items.   Enter "None" or "N/A" ("Not Applicable") where appropriate.   If you cannot fully answer a question, explain why.

2       In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3       When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4       Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5       Type or print legibly.

6       An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.


**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

ATTACHMENT B

## <u>BACKGROUND INFORMATION</u>

**<u>Item 1</u>.   General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**<u>Item 2</u>.   Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:   Active _____ Inactive _____ Dissolved _____

If dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**<u>Item 3</u>.   Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

ATTACHMENT B

**Item 4.**  **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name | Address | % Owned |
|------|---------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 5.**  **Board Members**

List all members of the corporation's Board of Directors.

| Name | Address | % Owned | Term (From/Until) |
|------|---------|---------|-------------------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 6.**  **Officers**

List all of the corporation's officers, including de facto officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name | Address | % Owned |
|------|---------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 7.**  **Businesses Related to Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name | Address | Business Activities | % Owned |
|------|---------|---------------------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

**Item 8.**  **Businesses Related to Individuals**

3

Initials _____

ATTACHMENT B

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name | Address | Business Activities | % Owned |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

State which of these businesses, if any, have ever transacted business with the corporation _____

**Item 9.   Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.   A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name | Address | Relationship | Business Activities |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 10.   Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.   Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name | Address | Telephone Number | Position(s) Held |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

4

Initials _____

ATTACHMENT B

<u>**Item 12.**</u>   **Attorneys**

List all attorneys retained by the corporation during the last three years.

Name                                  Firm Name                                       Address

_____        _____        _____

_____        _____        _____

_____        _____        _____

<u>**Item 13.**</u>   **Pending Lawsuits Filed By Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.
(List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

5                                                                               Initials _____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

## Item 14.   Current Lawsuits Filed Against Corporation

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.
(List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Initials _____

ATTACHMENT B

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

**Item 15.   Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.   Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the

benefit of the corporation. On a separate page, describe the contents of each box.

Owner's Name                    Name and Address of Depository Institution      Box No.

_____      _____      _____

_____      _____      _____

_____      _____      _____

**FINANCIAL INFORMATION**

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.   Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years.   Attach copies of all returns.

| Federal/State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**Item 18.   Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current

7                                                                                                   Initials _____

ATTACHMENT B

fiscal year-to-date.  *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit and Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Item 19.    Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.    Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.   The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

**Item 21.    Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Initials _____

ATTACHMENT B

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.   Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.   Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

9                                                                                          Initials _____

ATTACHMENT B

_____   _____   $_____ $_____

_____   _____   $_____ $_____

_____   _____   $_____ $_____

_____   _____   $_____ $_____

_____   _____   $_____ $_____

**Item 24.**   **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

Trustee or Escrow Agent's                Description and Location of Assets          Present Market
Name & Address                                                                                         Value of Assets

_____   _____   $_____

_____   _____   $_____

_____   _____   $_____

_____   _____   $_____

_____   _____   $_____

_____   _____   $_____

_____   _____   $_____

**Item 25.**   **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 26.**   **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Initials _____

ATTACHMENT B

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____
Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**   **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**   **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

Name of Credit Card or Store                                    Names of Authorized Users and Positions Held

_____                _____

_____                _____

_____                _____

**Item 29.**   **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date.   "Compensation"   includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans.   "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

11                                                                                                    Initials _____

ATTACHMENT B

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 30.**   **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.   "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.   "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**   **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

ATTACHMENT B

**Item 32**.   **Documents Attached to Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document          Description of Document
Relates To

_____          _____

_____          _____


     I am submitting this financial statement with the understanding that it may affect action by the Consumer Financial Protection Bureau or a federal court.   I have used my best efforts to obtain the information requested in this statement.   The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control.   I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:
_____          _____
(Date)                                        Signature

                                 _____
                                 Corporate Position

Initials _____

ATTACHMENT C

## CONSENT TO RELEASE FINANCIAL RECORDS

I, _____, of _____

(City, State), do hereby direct any bank, savings and loan association, credit union,

depository institution, finance company, commercial lending company, credit card

processing entity, automated clearing house, network transaction processor, bank

debit processing entity, brokerage house, escrow agent, money market or mutual

fund, title company, commodity trading company, trustee, or person that holds,

controls, or maintains custody of assets, wherever located, that are owned or

controlled by me or at which there is an account of any kind upon which I am

authorized to draw, and its officers, employees, and agents, to disclose all

information and delivery copies of all documents of every nature in its possession

or control which relate to the said accounts to any attorney of the Consumer

Financial Protection Bureau, and to give evidence relevant thereto, in the matter of

the Consumer Financial Protection Bureau v. Morgan Drexen, Inc. and Walter

Ledda, now pending in the United States District Court for the Central District of

California, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the

United States of America which restrict or prohibit disclosure of bank or other

financial information without the consent of the holder of the account, and shall be

ATTACHMENT C

construed as consent with respect hereto, and the same shall apply to any of the

accounts for which I may be a relevant principal.


Dated: _____  Signature: _____

                                 Printed Name: _____